```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EARL HOSKINS,

                    Petitioner,          MEMORANDUM & ORDER
                                         11-CV-0868 (JS)
          -against-

COUNTY OF NASSAU CRIMINAL COURT,

                    Respondent.
----------------------------------------X
APPEARANCES:
For Petitioner:     Earl Hoskins, pro se
                    No. 10008431
                    Nassau County Correctional Center
                    100 Carmen Avenue
                    East Meadow, NY 11544

For Respondent:     No appearances.
```

SEYBERT, District Judge:

Earl Hoskins, pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing Mr. Hoskins' Petition, the Court sua sponte DENIES IT.

## DISCUSSION

On September 22, 2010, Mr. Hoskins was arrested, apparently for the sale and possession of controlled substances. From the face of his Petition, he appears to be incarcerated while awaiting trial. Mr. Hoskins does not challenge Nassau County's custody over him, or the conditions of his confinement. Instead, Mr. Hoskins complains about three rulings that the Nassau County courts have made. First, Mr. Hoskins, who is proceeding pro se in state court, is apparently upset that

1

several court conferences have taken place without his knowledge or presence, and that his attorney advisor has signed documents on his behalf without his approval. Mr. Hoskins contends that these procedures violate his right to represent himself. Second, Mr. Hoskins is upset that the trial court has permitted him to view audio and visual recordings of the alleged crime only within the confines of the Nassau County Correctional Center while under guard. Third, Mr. Hoskins has apparently moved to obtain certain discovery materials and a Bill of Particulars, and the trial court has not granted those motions. Indeed, based on Mr. Hoskins' papers, it appears that the trial court has not yet acted on at least some of these requests.

## DISCUSSION

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, even accepting Mr. Hoskins allegations as true, he does not allege that he is "in custody in violation" of any of his federal rights. Mr. Hoskins does not, for instance, allege that he was arrested without probable cause, or convicted without a fair trial. Indeed, Mr. Hoskins does not even ask this Court to

release him pending trial.  Instead, he apparently thinks that he can use § 2254 as a method to collaterally attack various preliminary rulings (including rulings on evidentiary matters) made by a state court trial judge in an ongoing criminal proceeding.  He cannot.

But, even if the Court could somehow construe Mr. Hoskins' Petition as one challenging Nassau County's custody over him, it could still not grant him any relief.  A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  28 U.S.C. § 2254(b)(1)(A).  To properly exhaust state court remedies, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition."  See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005).  Additionally, the petitioner must "fairly present[]" these claims in the state court, without procedurally defaulting on them.  Id.

Here, Mr. Hoskins does not allege that he "apprise[d] the highest state court of both the factual and the legal premises of the federal claims."  Rather, at most, Mr. Hoskins alleges that he raised these claims before a trial court.

Consequently, Mr. Hoskins fails to plead a § 2254 habeas claim, and the Court must sua sponte dismiss it on that basis.  See Nash v. Evans, 10-CV-0361, 2010 WL 1423196, at *2

(N.D.N.Y. April 9, 2010).  And because there can be no debate among reasonable jurists that Petitioner's claims do not entitle him to § 2254 habeas relief, the Court will not issue a Certificate of Appealability.  See Middleton v. Attorneys General, 396 F.3d 207, 209 (2d Cir. 2005).  The Clerk of the Court is directed to mark this matter as closed.

                                      SO ORDERED

                                      /s/ JOANNA SEYBERT_____
                                      Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
           February 25, 2011